Andre MOORE, Petitioner-Appellant,

v.

Lawrence R. STAHOWIAK, Respondent-Respondent.

Court of Appeals

*No. 96–2547. Submitted on briefs June 20, 1997.—Decided August 6, 1997.*

(Also reported in 569 N.W.2d 711.)

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Andre Moore,* pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Alan Lee*, assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

SNYDER, P.J.   Andre Moore appeals from an order dismissing his writ of mandamus against Lawrence R. Stahowiak, record custodian at Oshkosh Correctional Institution (the institution). On appeal, he seeks a reversal of the order and a reinstatement of

the writ of mandamus. Moore argues that he is not precluded from commencing a civil action against an employee of the Department of Corrections (DOC) for an official action because the specific remedy for denial of access to open records grants him this right. We conclude that § 801.02(7), STATS., which prohibits the commencement of a civil action by a prisoner until he or she has exhausted any administrative remedies, is controlling. Therefore, we affirm the trial court's dismissal of the writ.

Moore was an inmate at the institution at all times relevant to his complaint. He made a written request to Stahowiak under the open records law, *see* § 19.35, STATS., for a copy of a prison policy. The policy related to incentives for inmates in program segregation to earn privileges and was promulgated pursuant to WIS. ADM. CODE § DOC 303.70(3)(b).

Stahowiak responded by written memorandum, identified the requested policy by number and directed Moore to the institution library. Stahowiak also informed Moore that the policy was available for viewing and could be copied upon request to the librarian. Subsequent to this initial request, Moore also filed a separate request for a copy of an incident report and a videotape.[1] Stahowiak again responded by memorandum, stating that he had arranged for Moore to view both the report and the video and that Moore would be able to obtain a copy of the report. Stahowiak's memorandum, however, stated, "You will not be able to receive a copy of the video tape." Moore did obtain a copy of the report and was permitted to view the videotape.

---

[1] The report and the videotape are of an incident in which Moore, while in segregation, was sprayed with a chemical agent by correctional officers.

Moore filed a writ of mandamus to compel Stahowiak to provide him with a copy of the program segregation incentive policy and the videotape. The trial court dismissed the writ after considering briefs by both parties and holding a telephone hearing. Moore now appeals the dismissal.

■■■

A writ of mandamus is a discretionary writ that "lies within the sound discretion of the trial court to either grant or deny." *Miller v. Smith,* 100 Wis. 2d 609, 621, 302 N.W.2d 468, 474 (1981). A trial judge's actions, whether granting or denying the writ, will be affirmed unless he or she misused that discretion. *See id.* The supreme court has set forth the following prerequisites for the issuance of the writ:

> "a clear legal right; the duty sought to be enforced is positive and plain; the applicant for the writ shows that he will be substantially damaged by nonperformance of such duty; and there is no other adequate specific legal remedy for the threatened injury . . . ."

*Id.* (quoted source omitted). Furthermore, mandamus is an exceptional remedy. It is a "remedy only to be applied in extraordinary cases where there is *no other adequate remedy." State ex rel. Burg v. Milwaukee Med. College,* 128 Wis. 7, 12, 106 N.W. 116, 118 (1906) (emphasis added). If the applicant has an adequate remedy by another avenue, the writ will not be awarded. *See id.* "[A] proceeding by *mandamus* is essentially a civil action, and the rules of practice as to civil actions apply." *State ex rel. Sheboygan County v. Telgener,* 199 Wis. 523, 528, 227 N.W. 35, 38 (1929).

■ In both of Moore's written submissions seeking copies of the prison policy and videotape, he denominated his requests as pursuant to the "open records laws." *See* § 19.35, STATS. When Stahowiak denied Moore's request to supply him with a copy of the prison policy on incentives for inmates in program segregation and refused his request for a copy of the videotape, Moore sought to contest the denial through a writ of mandamus. This is the method of review which is delineated by this statute. *See* § 19.35(4)(b). This paragraph provides in relevant part, "[I]f the request for the record was made in writing, then the determination is subject to review by mandamus under s. 19.37(1) . . . ." *Id.* Moore argues that because this subsection provides for review by mandamus, the trial court erred in its dismissal of his action. While we agree that this subsection does provide for review through a writ of mandamus, we also note that § 19.35(1)(a) begins:

> **Access to records; fees.** (1) RIGHT TO INSPECTION. (a) *Except as otherwise provided by law,* any requester has a right to inspect any record. [Emphasis added.]

The statute itself suggests that there may be other applicable restrictions on the right of an individual to inspect a record.

■ We turn then to § 801.02(7), STATS.,[2] which provides:

---

[2] Subsection (7) was created by 1995 Wis. Act 27, § 7141g. It became effective on November 1, 1995. *See* 1995 Wis. Act 27, § 9410 (3x). Moore's initial request was made on December 21,

> No prisoner, as defined in s. 301.01(2), may commence a civil action or special proceeding against an officer, employe or agent of the [DOC] in his or her official capacity . . . until the person has exhausted any administrative remedies that the [DOC] has promulgated by rule.

By its plain language, this subsection specifically requires that an inmate exhaust all administrative remedies before resorting to bringing a civil action against a DOC official. We now examine whether there were any administrative avenues open to Moore.

The DOC has provided the following administrative rules regarding complaint procedures for inmates. WISCONSIN ADM. CODE ch. DOC 310 provides in relevant part:

> **DOC 310.01 Purpose. (1)** The policy of the department of corrections is to afford inmates in adult institutions a process by which grievances may be expeditiously raised, investigated, and decided.
>
> **DOC 310.025 Organization of inmate complaint review system.** The following steps outline the procedure for raising and resolving a grievance:
>
> **(1)** To use the complaint system, an inmate files a complaint with the inmate complaint investigator (I CI) under s. DOC 310.05.
>
> . . . .
>
> **(3)** The superintendent, after studying the ICI's report, renders a decision under s. DOC 310.08.

1995, and he does not deny that this subsection was in effect at that time.

(4) An inmate may appeal an adverse decision to the corrections complaint examiner (CCE) under s. DOC 310.09(1).

It is apparent that the DOC has promulgated extensive administrative rules outlining an appropriate complaint procedure for inmates.

Although Moore seeks to ignore his administrative remedies for the denial of his request, we do not agree with him that because the writ of mandamus is the specific remedy delineated in the open records law that that is the appropriate remedy in this case. In fact, through the creation of § 801.02(7), STATS., the legislature has addressed the precise issue presented by this case. By writing specific legislation directed at prisoners, the legislature has in place a requirement that inmates must utilize DOC administrative remedies before resorting to the courts. By its plain language it is apparent to us that an inmate is compelled to first exhaust all administrative remedies available to him or her before filing an action in civil court, regardless of any other statutory remedies offered by a particular statutory section. As noted by a federal district court regarding our state prison system, the law is well settled that "[l]awful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a 'retraction justified by the considerations underlying our penal system.' " *Anderson v. Fiedler,* 798 F. Supp. 544, 548 (E.D. Wis. 1992) (quoted source omitted).[3]

---

[3] Similar to the instant case, the action in *Anderson v. Fiedler,* 798 F. Supp. 544 (E.D. Wis. 1992), was dismissed prior to trial upon a finding that it was frivolous. In that case, the complaint was reviewed by a single judge pursuant to 28 U.S.C. § 1915(d) (proceeding in forma pauperis) to determine its merits.

In a related argument to Moore's contention that filing a writ of mandamus was permitted in this instance, he contends that the mechanism outlined in WIS. ADM. CODE ch. DOC 310, cited above, is merely a discretionary remedy. He relies on language contained in § DOC 310.04 (scope of complaint review system), which begins with the verbiage, "The ICRS [inmate complaint review system] *may be used* . . . ." WIS. ADM. CODE § DOC 310.04 (emphasis added). He argues that because of the use of the word "may," he was not required to file his complaint under the inmate complaint review system, and therefore is not precluded by § 801.02(7), STATS., from filing the writ. We are not persuaded.

■

Reviewing the language of this rule, it is apparent to us that the discretion that is vested in the inmate is whether he or she *chooses to file a complaint.* This is necessary to avoid the absurd result of "forcing" inmates to file complaints. Moore's failure to utilize the outlined procedure for inmates filing a complaint under the inmate complaint review system does not entitle him to "leap-frog" over this remedy and into circuit court. The trial court's dismissal of the writ of mandamus was a proper exercise of its discretion.

Accordingly, we affirm the trial court's dismissal of the writ as a proper exercise of its discretion.

*By the Court.*—Order affirmed.