STATE of Wisconsin EX REL. Jesse H. HARRIS,
Petitioner-Appellant,†

v.

MILWAUKEE CITY FIRE & POLICE COMMISSION,
Defendant-Respondent.

Court of Appeals

*No. 2011AP547. Submitted on briefs December 6, 2011.
—Decided January 24, 2012.*

2012 WI App 23

(Also reported in 810 N.W.2d 488.)

† Petition for Review Filed.

434

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Robert N. Meyeroff* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Grant F. Langley*, city attorney, and *Maurita Houren*, assistant city attorney.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. CURLEY, P.J. Jesse H. Harris appeals the order denying his petition for a writ of mandamus. Harris argues that the trial court erred in denying his petition because the four criteria required for the issuance of the writ have been satisfied, and because, contrary to what the trial court determined, the doctrine of laches does not bar his petition. Harris—who pled guilty to eight counts of statutory rape more than twenty years ago—recently petitioned the trial court for a writ of mandamus "ordering the Milwaukee Fire and Police Commission" (hereafter "the Commission") "to conduct a thorough inquiry as to the facts leading up to the destruction" of four rape kits that police destroyed after his conviction, "with an emphasis . . . as to whether the police followed their own policies and procedures." Harris based his petition on the theory that, under *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), he may appeal his conviction if he can show the police destroyed the rape kits in bad faith.

¶ 2. We affirm the decision to deny Harris's petition, albeit on different grounds than those relied upon by the trial court. Regardless of whether Harris can show he is entitled to a writ of mandamus, we hold that he may not appeal under *Youngblood* because he pled guilty to the charges alleged against him and consequently waived all nonjurisdictional defects that may have arisen, including any errors regarding the destruction of the rape kits. We therefore affirm the trial court's order.

## I. Background.

¶ 3. Harris pled guilty to eight counts of first-degree sexual assault on August 10, 1988. Following sentencing, Harris challenged his conviction on numer-

436

ous occasions, including six separate motions under WIS. STAT. § 974.06(1) (2009–10),[1] and at least one motion seeking a writ of habeas corpus in federal court. *See, e.g., Harris v. City of Milwaukee Fire and Police Comm'n*, No. 2009CV19790, unpublished decision and order, at 1–2 (Milwaukee Cnty. Cir. Ct. Dec. 13, 2010).

¶ 4. As pertinent to the instant appeal, Milwaukee Police possessed five groupings of evidence related to Harris's case: four rape kits, as the charges against Harris involved four victims, and a set of Harris's clothes. After Harris pled guilty, police destroyed the five groupings of evidence on the following dates:

| | | |
|---|---|---|
| 1) | Rape kit of K.F.P.: | destroyed September 20, 1989; |
| 2) | Rape kit of L.J.: | destroyed September 9, 1994; |
| 3) | Rape kit of E.B.: | destroyed September 15, 1994; |
| 4) | Rape kit of L.T.: | destroyed October 8, 1998; |
| 5) | Harris's clothes: | destroyed July 18, 1990. |

¶ 5. Harris filed a citizen complaint regarding the rape kits with the Commission on June 29, 2006, alleging that they were destroyed by the Milwaukee Police Department in contravention of its policies regarding evidence retention. The Board investigated Harris's assertion, and concluded that there was no violation of police department policy.

¶ 6. Harris then filed the petition that is the subject of this appeal—a petition for a writ of mandamus—in the trial court on December 17, 2009. The petition asked the trial court to order the Commission to conduct an additional investigation and hearing regarding the destruction of the four rape kits, and explained that:

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

It is important to Harris to determine whether the rape kits were destroyed in direct contradiction and violation of police practices and procedures. Harris can only appeal his cases based on the issue of destruction of evidence if Harris can prove bad faith on the part of the [Milwaukee Police Department], the agency that held and destroyed such evidence.

¶ 7. The trial court issued a decision and order denying Harris's petition, determining that although Harris did have a clear legal right and although it could conclude that the Commission had a positive and plain duty to inquire further regarding the destruction of the rape kits, Harris would not suffer any substantial damage should the petition be denied; Harris had other, adequate legal remedies at his disposal; and the doctrine of laches precluded his claim. Harris now appeals.

## II. ANALYSIS.

██ ██

¶ 8. On appeal, Harris challenges the trial court's order denying his petition for a writ of mandamus. Mandamus is an "exceptional remedy," " 'only to be applied in extraordinary cases where there is no other adequate remedy.' " *Moore v. Stahowiak*, 212 Wis. 2d 744, 747, 569 N.W.2d 711 (Ct. App. 1997) (citation and emphasis omitted). A party petitioning for a writ of mandamus must show:

(1) the writ is based on a clear, specific legal right which is free from substantial doubt; (2) the duty sought to be enforced is positive and plain; (3) substantial damage will result if the duty is not performed; and (4) there is no other adequate remedy at law.

438

*Hearst-Argyle Stations, Inc. v. Board of Zoning Appeals of City of Milwaukee*, 2003 WI App 48, ¶ 14, 260 Wis. 2d 494, 659 N.W.2d 424 (citation and one set of quotation marks omitted).

¶ 9. "A writ of mandamus is a discretionary writ," and whether to grant or deny a party's petition for it " 'lies within the sound discretion of the trial court.' " *Moore*, 212 Wis. 2d at 747 (citation omitted). We will therefore affirm the trial court's order in this case unless the court erroneously exercised that discretion. *See id.* Furthermore, we need not base our affirmance on the reasons relied upon by the trial court. *See State v. Holt*, 128 Wis. 2d 110, 125, 382 N.W.2d 679 (Ct. App. 1985), *superseded by statute on other grounds* ("An appellate court may sustain a lower court's holding on a theory or on reasoning not presented to the lower court.").

¶ 10. As noted, Harris premised his petition for a writ of mandamus on the theory that if he could show that police acted in bad faith in destroying the rape kits, then he could, pursuant to *Youngblood*, appeal his criminal conviction. In *Youngblood*, the Supreme Court held that the "failure to preserve potentially useful evidence does not constitute a denial of due process of law" "unless a criminal defendant can show bad faith on the part of the police." *Id.*, 488 U.S. at 58. In *Youngblood*, a jury convicted the defendant of child molestation, sexual assault, and kidnapping, even though not all of the available physical evidence was tested and preserved by police. *See id.* at 53–54. Specifically, police did not refrigerate or freeze the victim's clothing immediately after the assault, although it was provided to them, and they failed to perform tests on certain semen samples. *See id.* at 53, 58. The Court explained:

[t]he failure of the police to refrigerate the clothing and to perform tests on the semen samples can at worst be described as negligent. None of this information was concealed from respondent at trial, and the evidence— such as it was—was made available to respondent's expert who declined to perform any tests on the samples. The Arizona Court of Appeals noted in its opinion—and we agree—that there was no suggestion of bad faith on the part of the police. It follows, therefore, from what we have said, that there was no violation of the Due Process Clause.

*Id.* at 58.

■

¶ 11. Harris's premise is flawed, however, because *Youngblood* does not apply here. In *Youngblood*, a *jury* convicted the defendant, *see id.* at 54, whereas in Harris's case he pled guilty. This distinction is important because, in Wisconsin, "[a] guilty plea, made knowingly and voluntarily, waives all nonjurisdictional defects and defenses, including alleged violations of constitutional rights prior to the plea." *See State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302 (Ct. App. 1994). As this court and the trial court have already found, Harris knowingly and voluntarily pled guilty to eight counts of sexual assault. *See, e.g., State v. Harris*, Nos. 1988CF314 and 1988CF498, unpublished decision and order at 6 (Milwaukee Cnty. Cir. Ct. May 8, 2003). Thus, we hold that Harris waived his right to appeal his conviction based on any allegations of bad faith regarding the post-conviction destruction of potentially useful evidence. Because we so hold, we need not inquire as to whether the trial court erroneously exercised its discretion when it denied Harris's petition. *See State v. Zien*, 2008 WI App 153, ¶ 3, 314 Wis. 2d 340, 761 N.W.2d 15

(we decide cases on the narrowest possible ground). We affirm the trial court's order.

*By the Court.*—Order affirmed.