Milwaukee Deputy Sheriffs' Association, Plaintiff,

David A. Clarke, Jr., Sheriff of Milwaukee County, Plaintiff-Appellant,†

v.

Milwaukee County, Defendant-Respondent.

Court of Appeals

*No. 2015AP1577. Submitted on briefs April 5, 2016.
—Decided June 1, 2016.*

2016 WI App 56

(Also reported in 883 N.W.2d 154.)

†Petition for review filed.

646

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Michael A.I. Whitcomb* of *Law Offices of Michael A.I. Whitcomb* in Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Ronald S. Stadler* and *Aaron J. Graf* of *Mallery & Zimmerman, S.C.* of Milwaukee.

Before Kessler, Brennan and Brash, JJ.

¶ 1. BRASH, J. Sheriff David A. Clarke, Jr. appeals an order granting Milwaukee County's motion to dismiss. Sheriff Clarke argues that the circuit court erred in dismissing his claim on the grounds that he failed to establish that he has a legal basis for the relief he sought. Specifically, Sheriff Clarke argues that he is entitled to relief on the grounds that: (1) the County's 2015 budget is arbitrary and unreasonable because it prevented him from fulfilling his constitutional and statutory duties; (2) the hiring and appointment of deputy sheriffs is a constitutionally protected power of the sheriff; and (3) Wis. Stat. § 59.26(2) (2013–14)[1] gives him the authority to appoint as many law enforcement officers as he considers necessary to fulfill his constitutional and statutory duties. We disagree and affirm.

## BACKGROUND

¶ 2. In his 2015 requested budget, Sheriff Clarke asked the County for funding for an additional 119 deputy sheriff positions and an additional fifty-eight correction officer positions. The County's 2015 Budget only authorized an additional seventeen deputy sheriff positions. In response, on February 2, 2015, the Milwaukee Deputy Sheriffs Association[2] and Sheriff Clarke jointly filed a complaint against the County

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

[2] The circuit court deferred the Milwaukee Deputy Sheriffs Association's claims to the Wisconsin Employment Relations Commission, as the WERC has primary jurisdiction over the issues raised by the MDSA. Only Sheriff Clarke's claims are at issue in this appeal.

seeking declaratory and injunctive relief and a writ of mandamus. All claims in the complaint related to the number of new deputy sheriff positions created by the 2015 budget. Specifically, Sheriff Clarke sought a declaration that the 2015 budget was arbitrary and unreasonable, that the 2015 budget created unsafe and unreasonable working conditions, and that the 2015 budget prevented him from fulfilling his constitutional and statutory duties. Ultimately, Sheriff Clarke sought relief in the form of an order requiring the addition of ten deputy sheriff sergeants, seven correctional officer lieutenants, seventy-five deputy sheriffs, and forty-three correctional officers.

¶ 3. On February 23, 2015, the County filed a motion to dismiss all claims. The County argued that Sheriff Clarke's complaint should be dismissed because he failed to allege sufficient facts to support his claims. The County also argued that the relief Sheriff Clarke sought was barred by the separation of powers doctrine.

¶ 4. On July 1, 2015, the circuit court issued a written decision granting the County's motion to dismiss Sheriff Clarke's claims. The circuit court made it clear that it did not base its decision on whether the action was justiciable, as the County never raised any justiciability issues.[3] Instead, the circuit court concluded that Sheriff Clarke did not plead sufficient facts showing that he was entitled to the relief he sought.

---

[3] Sheriff Clarke again argues the issue of justiciability on appeal. Because this was not argued by the County in its motion to dismiss, and because the circuit court did not base its decision on the motion to dismiss on this issue, the issue of justiciability is not an issue on appeal and, therefore, we do not address it.

On July 13, 2015, the circuit court entered its final order dismissing Sheriff Clarke's claims with prejudice. This appeal follows.

### DISCUSSION

¶ 5. "A motion to dismiss for failure to state a claim 'tests the legal sufficiency of the complaint.'" *Hornback v. Archdiocese of Milwaukee*, 2008 WI 98, ¶ 13, 313 Wis. 2d 294, 752 N.W.2d 862 (citation and one set of quotation marks omitted). We liberally construe pleadings to achieve substantial justice between the parties. *See Strid v. Converse*, 111 Wis. 2d 418, 422, 331 N.W.2d 350 (1983); *see also* WIS. STAT. § 802.02(6). To that end, we accept as true all well-pleaded facts in a complaint, as well as the reasonable inferences therefrom. *See DeBruin v. St. Patrick Congregation*, 2012 WI 94, ¶ 11, 343 Wis. 2d 83, 816 N.W.2d 878. Factual allegations in a complaint, however, must be "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶ 25, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted). "[I]f it appears to a certainty that no relief can be granted under any set of facts that the plaintiff can prove in support of [his] allegations[,]" we will dismiss the complaint. *See Strid*, 111 Wis. 2d at 422. Whether a complaint states a claim upon which relief can be granted is a question of law that we review *de novo*. *See Data Key Partners*, 356 Wis. 2d 665, ¶ 17.

¶ 6. At its core, Sheriff Clarke's argument is that the County's 2015 budget did not provide sufficient funds for him to hire the number of law enforcement

officers that he considers necessary for him to fulfill his constitutional and statutory duties. As such, Sheriff Clarke argues that the County's 2015 budget is arbitrary and unreasonable. Sheriff Clarke further argues that, because the County's budget is arbitrary and unreasonable, he is entitled to a writ of mandamus requiring the County Board of Supervisors and the County Executive to authorize and create additional deputy sheriff positions, and for injunctive relief enjoining the County from preventing the hiring of additional deputy sheriffs. We begin with a discussion of the scope of a sheriff's constitutional and statutory powers.

## I. A Sheriff's Constitutional and Statutory Powers.

### a. Constitutional Powers.

■

¶ 7. "The Wisconsin Constitution establishes the office of sheriff . . . [but] does not delineate the powers, rights, and duties of the office of sheriff." *Kocken v. Wisconsin Council 40, AFSCME, AFL-CIO*, 2007 WI 72, ¶¶ 31–33, 301 Wis. 2d 266, 732 N.W.2d 828 (some formatting altered). Therefore, we look to case law for guidance. *See Milwaukee Deputy Sheriff's Ass'n v. Clarke*, 2009 WI App 123, ¶ 9, 320 Wis. 2d 486, 772 N.W.2d 216. Initially, a sheriff's constitutional powers were those which were part of the nature of the office of the sheriff at common law when the constitution was adopted. *See State ex rel. Kennedy v. Brunst*, 26 Wis. 412, 414–15 (1870). Later cases, however, narrowed a sheriff's constitutional powers to only "those immemorial principal and important duties that

characterized and distinguished the office." *State ex rel. Milwaukee Cnty. v. Buech*, 171 Wis. 474, 482, 177 N.W. 781 (1920).

¶ 8. In *Heitkemper v. Wirsing*, 194 Wis. 2d 182, 533 N.W.2d 770 (1995), the Wisconsin Supreme Court "rejected any interpretations of *Brunst* which tried to include within the constitutionally protected functions of the sheriff all powers held by the sheriff at the common law." *Heitkemper*, 194 Wis. 2d at 189. "If that were true, a constitutional amendment would be necessary in order to change the duties of sheriffs in the slightest degree." *Buech*, 171 Wis. at 482. Therefore, a sheriff's powers are constitutionally protected only if they are "immemorial, principal, and important duties . . . that are peculiar to the office of sheriff and that characterize and distinguish the office." *Kocken*, 301 Wis. 2d 266, ¶ 39.

¶ 9. We recognize the following powers of the sheriff as constitutionally protected: the operation of the jail, attendance on the courts, maintaining law and order, and preserving the peace. *See id.*, ¶¶ 52–57. Even if a duty is related to one of these powers, however, that duty may still be regulated if it is a "nondistinctive, mundane and commonplace[,] internal management and administrative [duty] of a sheriff." *Id.*, ¶ 60 (internal quotation marks omitted). *Kocken* further states:

> the constitution does not prohibit all legislative change in the powers, duties, functions, and liabilities of a sheriff as they existed at common law. [I]nternal management and administrative duties . . . [that] neither gave character nor distinction to the office of

sheriff . . . fall within the mundane and common administrative duties of a sheriff which may be regulated by the legislature.

*Id.,* ¶ 40 (citation, footnotes, and internal quotation marks omitted; brackets and ellipses in original).

■

¶ 10. Sheriff Clarke argues that he has a constitutional right to appoint law enforcement officers. We disagree.

¶ 11. In *Buech,* the Supreme Court held that:

While at common law the sheriff possessed the power to appoint deputies, it was not a power or authority that gave character and distinction to the office . . . . It was more in the nature of a general power possessed by all officers to a more or less extent, and was not peculiar to the office of sheriff.

*Id.,* 171 Wis. at 482. This holding has been affirmed over the years. *See Manitowoc Cnty. v. Local 986B, AFSCME, AFL-CIO,* 168 Wis. 2d 819, 826–27, 484 N.W.2d 534 ("the power of appointing deputies, being rather mundane and commonplace, did not give character and distinction to the office of sheriff at common law."); *see also Kocken,* 301 Wis. 2d 266, ¶¶ 61–62 (" [t]he constitutional prerogative of the office of sheriff to maintain law and order and preserve the peace does not encompass the power to appoint or dismiss deputies. The appointment and dismissal of deputies are non-distinctive internal management and administrative tasks."). Therefore, the hiring and appointment of deputies is a function that may be regulated. *See Heitkemper,* 194 Wis. 2d at 193. Ac-

cordingly, we conclude that Sheriff Clarke does not have constitutional authority to appoint law enforcement officers.

### b. Statutory Powers.

■

¶ 12. Sheriff Clarke also argues that he has unfettered statutory power to appoint law enforcement officers. We disagree.

¶ 13. WISCONSIN STAT. § 59.26(2) states that "the sheriff may appoint as many other deputies as the sheriff considers proper." Sheriff Clarke simply concludes that no statutory analysis is required because this authority to appoint is constitutionally protected. As discussed above, however, "the constitutional prerogative of the office of sheriff to maintain law and order and preserve the peace does not encompass the power to appoint or dismiss deputies." *Kocken*, 301 Wis. 2d 266, ¶ 61. Furthermore, a complete reading of the controlling statutes reveals that Sheriff Clarke's argument that he has unilateral statutory authority to determine the total number of deputies to be appointed lacks merit.

¶ 14. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory interpretation " 'begins with the language of the statute[,] [and] [i]f the meaning of the statute is plain,' " we stop there. *See id.*, ¶ 45 (citation omitted). " 'If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is

applied according to this ascertainment of its meaning.' " *Id.*, ¶ 46 (citation omitted). Statutory interpretation is a question of law that we review *de novo. See Wisconsin Dep't. of Revenue v. Menasha Corp.*, 2008 WI 88, ¶ 44, 311 Wis. 2d 579, 754 N.W.2d 95.

¶ 15. After establishing certain parameters for elected offices, WIS. STAT. § 59.22 provides the following:

**(2)** APPOINTIVE OFFICIALS; DEPUTY OFFICERS; AND EMPLOYEES.

(a) Except for elective offices included under sub. (1), supervisors and circuit judges, and subject to s. 59.794 (3), the board has the powers set forth in this subsection, sub. (3) and s. 59.03 (1) as to any office, department, board, commission, committee, position or employee in county service created under any statute, the salary or compensation for which is paid in whole or in part by the county, and the jurisdiction and duties of which lie within the county or any portion thereof and the powers conferred by this section shall be in addition to all other grants of power and shall be limited only by express language.

(c) 1. Except as provided in subd. 2. And par. (d), the board may do any of the following:

a. Provide, fix or change the salary or compensation of any office, board, commission, committee, position, employee or deputies to elective officers that is subject to sub. (1) without regard to the tenure of the incumbent.

b. Establish the number of employees in any department or office including deputies to elective officers.

c. Establish regulations of employment for any person paid from the county treasury.

. . . .

(4) INTERPRETATION. In the event of conflict between this section and any other section and any other statute, this section to the extent of the conflict shall prevail.

¶ 16. This statutory provision plainly provides that the county board may "[e]stablish the number of employees in any department or office including deputies to elective officers." WIS. STAT. § 59.22(2)(c)1.b. On its face, this provision conflicts with WIS. STAT. § 59.26(2). However, § 59.22(4) makes it clear that if there is a conflict between the provisions of § 59.22 and any other statute, § 59.22 prevails.

¶ 17. Sheriff Clarke argues that because he is an elective official, WIS. STAT. § 59.22(2) does not apply to him and, instead, § 59.22(1) does. This argument is misguided. It is true that § 59.22(1) sets the parameters for compensation, fees, salaries, and traveling expenses for elective officials, including the office of the sheriff. *See* § 59.22(1). It is also true that § 59.22(2) sets similar parameters for appointive officials, deputy officers, and employees. However, § 59.22(2)(c)1.b. clearly states that the board may "[e]stablish the number of employees in any department or office including deputies to elective officers." There is nothing in the statute that contradicts this grant of authority to the board. *See* § 59.22. Because § 59.22(4) clearly states that § 59.22 prevails when there is a conflict with any other statute, we find it is unambiguously clear that the legislature intended to grant the County Board the authority to regulate the number of law enforcement officers employed by the County. Accordingly, we conclude that Sheriff Clarke does not have unfettered statutory power to appoint law enforcement officers.

657

*c. The County's 2015 Budget Is Not Arbitrary or Unreasonable.*

¶ 18. There is no dispute that Sheriff Clarke has a constitutional right to enough financial resources to fulfill his constitutional duties. *See Wisconsin Prof'l Police Ass'n / Law Enforcement Employee Relations Division v. Dane Cty.*, 149 Wis. 2d 699, 710–11, 439 N.W.2d 625. Once again, those duties include the operation of the jail, attendance on the courts, maintaining law and order, and preserving the peace. *See Kocken*, 301 Wis. 2d 266, ¶¶ 52–57. However, Sheriff Clarke does not argue that he does not have enough financial resources; he argues that he does not have enough law enforcement officers. In fact, Sheriff Clarke concedes that the County provides enough financial resources to carry out his constitutional duties through the use of overtime. We agree with the circuit court that the use of overtime might not be the best fiscal option. However, because the County's 2015 budget does not prohibit Sheriff Clarke from fulfilling his constitutional duties—albeit through the use of overtime—and because Sheriff Clarke does not have constitutional or statutory authority to hire as many law enforcement officers as he sees proper, we conclude that the County's 2015 budget is not arbitrary or unreasonable.

## II. Sheriff Clarke Is Not Entitled to the Relief Sought.

¶ 19. In his complaint, Sheriff Clarke sought injunctive relief enjoining the County from preventing

the hiring of additional deputy sheriffs, and a writ of mandamus ordering the County Board of Supervisors and the County Executive to authorize and create additional deputy sheriff positions.

¶ 20. A court may issue a temporary injunction when the moving party demonstrates four elements: (1) the movant is likely to suffer irreparable harm if a temporary injunction is not issued; (2) the movant has no other adequate remedy at law; (3) a temporary injunction is necessary to preserve the status quo; and (4) the movant has a reasonable probability of success on the merits. *See Werner v. A.L. Grootemaat & Sons, Inc.*, 80 Wis. 2d 513, 520–21, 259 N.W.2d 310 (1977). The granting or denial of injunctive relief is a matter of discretion for the circuit court. *See State v. C. Spielvogel & Sons Excavating, Inc.*, 193 Wis. 2d 464, 479, 535 N.W.2d 28 (Ct. App. 1995). We will not overturn a circuit court's denial of injunctive relief absent a showing that the circuit court erroneously exercised such discretion. *See id.* As discussed above, Sheriff Clarke cannot prove any facts that would entitle him to relief and, therefore, he has no probability of success on the merits. Accordingly, we conclude that the circuit court's denial of his petition for injunctive relief was an appropriate exercise of discretion.

¶ 21. To obtain a writ of mandamus, a petitioner must establish that: "(1) he possesses a clear legal right to the relief sought; (2) the duty he seeks to enforce is positive and plain; (3) he will be substantially damaged by nonperformance of such duty; and (4) there is no other adequate remedy at law." *State ex rel. Robins v. Madden*, 2009 WI 46, ¶ 10, 317 Wis. 2d

364, 766 N.W.2d 542. The grant or denial of a writ of mandamus is within the sound discretion of the circuit court. *See State ex rel. Harris v. Milwaukee City Fire & Police Comm'n*, 2012 WI App 23, ¶ 9, 339 Wis. 2d 434, 810 N.W.2d 488. We will not overturn a circuit court's denial of a writ of mandamus absent a showing that the circuit court erroneously exercised such discretion. *See id.* Here, Sheriff Clarke cannot show a clear right to the relief sought. Accordingly, we conclude that the circuit court's denial of his petition for a writ of mandamus was an appropriate exercise of discretion.

## III. Separation of Powers.

¶ 22. The County also argues that we should affirm the circuit court's dismissal of Sheriff Clarke's complaint under the separation of powers doctrine. While this argument is not entirely without merit, our conclusion that Sheriff Clarke is able to fulfill his constitutional duties with the use of overtime, and that he does not have constitutional or statutory authority to hire as many law enforcement officers as he sees proper, fully resolves all of the issues in this appeal. Accordingly, we decline to address separation of powers. *See Miesen v. DOT*, 226 Wis. 2d 298, 309, 594 N.W.2d 821 (Ct. App. 1999) (we decide cases on the narrowest grounds possible).

¶ 23. For the foregoing reasons, we affirm.

*By the Court.*—Order affirmed.