Connie A. Broome p/k/a Connie A. Ingersol, Plaintiff-Appellant,†

v.

State of Wisconsin Department of Corrections and Lee Thao, Defendants-Respondents.

Court of Appeals

*No. 2010AP577. Submitted on Briefs August 6, 2010. —Decided November 24, 2010.*

2010 WI App 176

(Also reported in 794 N.W.2d 505.)

† Petition for Review denied 4-12-11.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James Kurth* of *James Kurth, S.C.*, Wausau.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John J. Glinski*, assistant attorney general, and *J. B. Van Hollen*, attorney general.

Before Vergeront, P.J., Lundsten and Blanchard, JJ.

¶ 1. VERGERONT, P.J. Gary Weisenberger shot and seriously injured Connie Broome while he was out of jail on work release. The circuit court dismissed her negligence action against Leo Thao, a probation and parole agent employed by the Department of Corrections (DOC). The circuit court concluded that the complaint did not adequately allege a violation of a ministerial duty, which is an exception to the common law doctrine of immunity for state employees. For the reasons we explain below, we affirm the circuit court's order dismissing the complaint against Thao.[1]

## BACKGROUND

¶ 2. Broome's complaint against Thao alleged that he was a probation and parole officer employed by DOC

---

[1] Broome also named the State and DOC as defendants. She has not appealed the circuit court's order dismissing them.

and that he had been supervising Weisenberger prior to and at the time he shot Broome on June 16, 2008. The complaint alleged that Thao "failed to adequately and properly supervise Gary L. Weisenberger in a number of ways, including, but not limited to, the following":

> Lee Thao allowed Gary L. Weisenberger to have contact with and frequent the residence of his sister and brother-in-law, even after being advised that there were multiple firearms present in said household. The firearm used to shoot [Broome] . . . came from said household.

> [Broome] had previously advised Lee Thao of threats of retaliation which she had received from Gary L. Weisenberger. [Broome] had been a victim of crimes committed by Gary L. Weisenberger in the past.

> Lee Thao ignored warnings and pleas from [Broome] expressing her fear of Gary L. Weisenberger.

Thao's failure to adequately supervise Weisenberger, the complaint alleged, was a substantial proximate cause of Broome's injuries. Broome requested damages for emotional distress, medical expenses, pain, suffering, and permanent disability.

¶ 3. Thao moved to dismiss on grounds of failure to state a claim for relief and the ground of state employee immunity. He argued that, as a state employee, he had immunity, and because the complaint did not plead an exception to this rule, it did not state a claim for relief.

¶ 4. Broome opposed the motion, arguing that the ministerial duty exception to the immunity rule applied. Along with her brief, she filed her counsel's affidavit with attachments, which included copies of portions of a DOC manual and Thao's responses to discovery requests. Broome asked the court to consider

these submissions in ruling on the defendant's motion and to treat the motion as one for summary judgment. Thao did not file an affidavit or other factual submission in reply, continuing to rely on his view that the complaint did not state a claim for relief because it did not allege facts which, if true, showed a violation of a ministerial duty.

¶ 5. The circuit court granted Thao's motion and dismissed the complaint. In its ruling, the court stated that it was considering Broome's counsel's affidavit and attachments as "effectively supplementing" the allegations of the complaint. The court concluded there was no ministerial duty imposed on Thao to not permit Weisenberger to have contact with or frequent the residence of his sister and brother-in-law. It also concluded that any ministerial duties raised by the affidavit and attachments were not ones that were relevant to the alleged negligent supervision.

## DISCUSSION

¶ 6. On appeal Broome contends the circuit court erred in dismissing her complaint against Thao because the attachments to her counsel's affidavit show that Thao violated a number of ministerial duties imposed by the DOC manual. She characterizes the circuit court's decision as based on a lack of causation, which, she contends, is error because the issue of causation is a question of fact for the jury. Thao responds that the complaint does not state a claim for relief, either with or without consideration of the affidavit and attachments.

¶ 7. Both parties agree that we should review the court's order as one for summary judgment. However, they apparently disagree on the methodology the court should have employed here and on the methodology it

did employ. In the following paragraphs we discuss summary judgment methodology and clarify the proper procedure when, as here, a plaintiff wishes to submit factual materials going beyond the allegations of the complaint in response to a motion to dismiss for failure to state a claim. Ultimately we agree with Thao that the complaint here does not state a claim for relief because its allegations, liberally construed, cannot be reasonably read to allege the ministerial duty exception to the general rule of immunity for state employees, the only exception claimed by Broome.

¶ 8. A party is entitled to summary judgment if there are no genuine issues of material fact and that party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2007–08).[2] In reviewing a grant or denial of summary judgment we employ the same methodology as the circuit court, and our review is de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–16, 401 N.W.2d 816 (1987).

¶ 9. Under summary judgment methodology, the first step is to determine if the complaint states a claim for relief. *Hoida, Inc. v. M&I Midstate Bank*, 2006 WI 69, ¶ 16, 291 Wis. 2d 283, 717 N.W.2d 17. If the complaint does state a claim for relief and the answer joins issue, then the court considers the affidavits of the moving party to determine if they make a prima facie case for that party. *Id.* If they do, the court examines the affidavits of the opposing party to determine if there are genuine issues of material fact requiring a trial. *Id.*

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 10. In this case Thao did not move for summary judgment but moved for dismissal of the complaint based on the failure to state a claim for relief. Thao asserted that the complaint did not plead an exception to the common law doctrine of immunity for state employees. The general rule at common law is that state employees are immune from personal liability for injuries resulting from acts performed within the scope of their official duties. *Umansky v. ABC Ins. Co.*, 2009 WI 82, ¶ 10, 319 Wis. 2d 622, 769 N.W.2d 1. While immunity is the rule, it is subject to exceptions. *Id.* In order to state a claim for relief based on the negligent conduct of a state employee, the activity alleged in the complaint must come within one of the exceptions to immunity. *See C.L. v. Olson*, 143 Wis. 2d 701, 725, 422 N.W.2d 614 (1988). The exception potentially applicable in this case is for a ministerial duty. The ministerial duty exception applies when a duty is "absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Umansky*, 319 Wis. 2d 622, ¶ 11 (citation omitted).

¶ 11. Thao's motion to dismiss argued that the complaint did not allege that Thao's negligent conduct of failing to adequately supervise Weisenberger violated a duty that meets the criteria for a ministerial duty. In response to this motion, Broome did not argue that the allegations in the complaint did allege a ministerial duty. Rather, she filed counsel's affidavit and attachments and contended that they showed Thao had violated DOC manual provisions by not having the requisite number of contacts and home visits with

799

Weisenberger, not interviewing Broome upon learning that Weisenberger had taken some of her social security money and had made threats of retaliation if she reported this, and not having the requisite contact with Weisenberger's employer, his sister.[3]

■

¶ 12. It is true that, pursuant to WIS. STAT. § 802.06(2)(b), on a motion to dismiss for failure to state a claim for relief, if matters outside the pleadings are presented and are considered by the court, the court is to treat the motion as one for summary judgment. Apparently Broome viewed this statute as a means of correcting a failure of a complaint to state a claim for relief. However, as we have already stated, the first step in summary judgment methodology is to determine if the complaint states a claim for relief. *Hoida*, 291 Wis. 2d 283, ¶ 16. This is the same analysis as that employed on a motion to dismiss for failure to state a claim. *Prah v. Maretti*, 108 Wis. 2d 223, 228, 321 N.W.2d 182 (1982). Whether the motion is initially one for dismissal under WIS. STAT. § 802.06(2) and is then converted to one for summary judgment under § 802.06(2)(b), or whether it is filed in the first instance as a motion for summary judgment under § 802.08, the court does not consider matters outside the pleading until it has determined that the complaint states a claim for relief. *See C.L.*, 143 Wis. 2d at 706 (*"Only* if a claim for relief has been stated does the court then proceed to determine whether the [affidavits and other submissions] demonstrate a genuine issue as to any material fact.") (Emphasis added.). In other words, the

---

[3] There were a number of other violations of DOC manual provisions asserted in Broome's counsel's affidavit. We refer to the ones we can identify from Broome's appellate brief.

submissions by a plaintiff showing facts not alleged in the complaint do not "cure" a pleading deficiency.

¶ 13. When a plaintiff is faced with a motion to dismiss for failure to state a claim and recognizes that the complaint does not allege all facts necessary to state a claim, the proper procedure is to amend the complaint or seek permission to amend the complaint. A plaintiff may amend a complaint once as a matter of course—within six months from the filing of the action or pursuant to a scheduling order—and thereafter with the court's permission or by stipulation. *See* Wis. Stat. § 802.09(1).

¶ 14. In this case, because Broome did not seek to amend the complaint, the first step in our analysis is to analyze the complaint, without regard to Broome's factual submissions, to determine if it states a claim for liability against Thao by alleging a violation of a ministerial duty. In examining the complaint, we take the allegations as true, construing them liberally in the plaintiff's favor. *Voss v. City of Middleton*, 162 Wis. 2d 737, 748, 470 N.W.2d 625 (1991) (citing Wis. Stat. § 802.02(6)).

¶ 15. Liberally construing the allegations of the complaint, Broome alleges that Thao negligently supervised Weisenberger because Thao allowed Weisenberger to frequent his sister's residence, despite being advised there were multiple guns there, despite Broome telling Thao of threats Weisenberger made to her, despite knowing that Broome had been the victim of crimes committed by Weisenberger, despite warnings and pleas from Broome, and despite Broome's expressions of her fear of Weisenberger. Although the only specific negligent act alleged as a failure to supervise is allowing

Weisenberger to frequent his sister's residence, a liberal construction of the allegations is that Thao could have done other things to prevent the shooting given his alleged knowledge of Weisenberger's access to firearms and Broome's report of his threats.

¶ 16. However, these allegations cannot be reasonably construed to allege that, in allowing Weisenberger to frequent his sister's residence or failing to take other measures to protect Broome, Thao violated a duty imposed by law that meets the criteria for a ministerial duty.[4] There is nothing in the complaint, even with a liberal construction, to suggest that the negligent conduct or failure to act was anything other than the exercise of judgment or discretion. *Cf. Umansky*, 319 Wis. 2d 622, ¶¶ 13, 18 (complaint alleged a ministerial duty because it alleged that a highly specific federal regulation required a railing on a platform and that the defendant was responsible for compliance with this regulation). Even if we assume the particular DOC manual provisions imposing the purported ministerial duties need not be alleged in the complaint, the complaint must nonetheless allege facts that show a violation of such provisions. Broome does not refer us to any manual provision imposing a ministerial duty violated by Thao's conduct, as alleged in the complaint.

¶ 17. Broome views the court's ruling as resting on the conclusion that the allegations in the complaint and the affidavit and attachments did not show a causal

---

[4] "Law" in this context means, at a minimum, an act of government, which includes statutes, administrative regulations, policies, orders, plans adopted by governmental units, and contracts entered into by governmental units. *Meyers v. Schultz*, 2004 WI App 234, ¶ 19, 277 Wis. 2d 845, 690 N.W.2d 873. "Law" includes the DOC manual provisions.

link between Weisenberger shooting her and the violations of the DOC manual. The court expressly disavowed resting its ruling on causation. However, even if this is what the court ruled, it does not entitle Broome to a reversal. As we have already explained, the facts shown in Broome's submissions are not proper considerations in determining if the complaint states a claim for relief.[5]

## CONCLUSION

¶ 18. Although our analysis differs from that of the circuit court, we conclude it properly granted Thao's motion. Accordingly, we affirm the court's order dismissing the complaint.

*By the Court.*—Order affirmed.

[5] The court initially stated that it viewed its task as "constru[ing] the affidavit as effectively supplementing the complaint in setting forth additional facts . . . which the plaintiff claims, if proved, would entitle her to relief." However, it appears to us that the circuit court ultimately did not allow the additional facts shown in the affidavit and attachments to expand the allegations of the complaint beyond the general type of negligent conduct alleged in the complaint. As we understand the court's ruling, it concluded that the additional facts relating to Thao's failure to make the requisite number of home visits and contacts with Weisenberger and his failure to interview Broome did not entitle her to relief because, while they were ministerial duties, they did not relate to the allegations in the complaint. The court stated that the complaint alleged that Thao was negligent because, despite having certain information, he nonetheless allowed Weisenberger to frequent his sister's house where there were guns. In contrast, the court stated, the additional facts in Broome's submissions related to a failure to gather information.