COURT OF APPEALS
DECISION
DATED AND FILED

February 16, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP245**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CV2487

**IN COURT OF APPEALS
DISTRICT IV**

PASTORI M. BALELE,

   PLAINTIFF-APPELLANT,

 V.

CT SYSTEMS CORPORATION,
TRINITY PROPERTY CONSULTANT,
FLT WATERLEAF LLC AND RENEW MADISON,

   DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Pastori Balele, pro se, appeals the circuit court's order dismissing his complaint against CT Systems Corporation, Trinity Property Consultant, FLT Waterleaf, LLC, and ReNew Madison.  Balele also appeals the court's order denying his motion for reconsideration of the order dismissing his complaint.  We affirm the orders because we agree with the circuit court that Balele's complaint fails to state any claim upon which relief may be granted.

¶2    "Whether a complaint states a claim upon which relief can be granted is a question of law that we review *de novo*."  *Milwaukee Deputy Sheriffs' Ass'n v. Milwaukee Cnty.*, 2016 WI App 56, ¶5, 370 Wis. 2d 644, 883 N.W.2d 154.  "When determining whether a complaint states a claim upon which relief may be granted, courts must 'accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom.'"  *Cattau v. National Ins. Servs.*, 2019 WI 46, ¶4, 386 Wis. 2d 515, 926 N.W.2d 756 (quoting *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693).

¶3    "[T]he pleadings are to be liberally construed to do substantial justice between the parties, and the complaint should be dismissed as legally insufficient only if it appears to a certainty that no relief can be granted under any set of facts that the plaintiff can prove in support of [the plaintiff's] allegations."  *Strid v. Converse*, 111 Wis. 2d 418, 422, 331 N.W.2d 350 (1983).  "'If the facts reveal an apparent right to recover under any legal theory, they are sufficient as a cause of action.'"  *Cattau*, 386 Wis. 2d 515, ¶4 (quoting *Strid*, 111 Wis. 2d at 423).

¶4    However, "courts cannot add facts to a complaint, and do not accept as true legal conclusions that are stated in the complaint."  *Id.*, ¶5 (quoting *Data Key*, 356 Wis. 2d 665, ¶19).  A complaint will be dismissed if, "'under the guise of notice pleading, the complaint before us requires the court to indulge in too much

2

speculation leaving too much to the imagination of the court.'" ***John Doe 67C v. Archdiocese of Milwaukee***, 2005 WI 123, ¶36, 284 Wis. 2d 307, 700 N.W.2d 180 (quoted source and alteration omitted).

¶5     Balele's arguments on appeal do not meaningfully address these legal standards for whether a complaint states a claim. Most of his arguments are difficult to follow, are undeveloped in terms of applying legal standards to the allegations in his complaint, and appear misdirected at tangential matters that do not affect our de novo review of whether his complaint states a claim. We decline to address such arguments. We will, however, explain why Balele's complaint fails to state a claim. We will also address Balele's relevant arguments that we have been able to discern from his briefing, and we will explain why those arguments do not support reversal of the circuit court's orders.[1]

¶6     The caption on Balele's complaint contains multiple labels that appear intended to refer to claims that Balele wishes to allege. The labels include "Negligence" and a series of other labels that appear intended to refer to claims for discrimination based on race.[2] Additionally, the complaint allegations support an inference that Balele intends to allege a claim for breach of a lease.

¶7     The primary failing in Balele's complaint is that it does not allege sufficient facts that, if true, would establish the elements of negligence, unlawful discrimination, breach of a lease, or any other discernable cause of action. The court

---

[1] "Pro se litigants are generally granted 'a degree of leeway' in recognition of the fact that they are ordinarily unfamiliar with the procedural rules and substantive law that might govern their appeal." ***State ex rel. Wren v. Richardson***, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587. We have provided Balele with leeway here by construing his submissions liberally and making every effort to discern his arguments.

[2] For example, the labels include "Using Employees to Deny Blacks Enjoyment of Housing" and "Using Employees to harass and provoke Blacks."

and the responding parties are instead left to "'indulge in too much speculation.'" *See John Doe 67C*, 284 Wis. 2d 307, ¶36 (quoted source omitted). We are left to guess at the concrete basis for any of Balele's purported claims and how any could support potential relief. Nonetheless, we will now discuss examples of purported claims, as they are referenced in the complaint, and explain why we conclude that dismissal of the complaint is appropriate.

¶8      *Negligence.* In order to maintain a cause of action for negligence, "there must exist: (1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Rockweit v. Senecal*, 197 Wis. 2d 409, 418, 541 N.W.2d 742 (1995). Balele's complaint does not allege any of these legal elements even in conclusory fashion, nor does it allege sufficient facts that, if true, would establish that one or more of the respondents breached a duty to Balele, thereby causing him loss or damage. Balele alleges that the respondents' conduct caused him mental or emotional distress. However, Balele makes no allegations that, if true, would show that one or more of the respondents breached a duty of care owed to Balele.

¶9      *Discrimination.* Balele's complaint is similarly deficient with respect to any discrimination claim. It does not allege the elements of any particular legal theory for unlawful discrimination such as, for example, a claim for an open housing violation under WIS. STAT. § 106.50 (2021-22).[3] Likewise, Balele's arguments before this court do not explain how the allegations in his complaint might be construed to state a cognizable legal claim for discrimination.

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version.

¶10    Additionally, the complaint's factual allegations relating to discrimination are both vague and conclusory.  Balele alleges that during the time that he has lived in his apartment, since 2004, each new owner or manager of the property has had "some kind of racist overtones towards Blacks"; that "[u]sually [the] new owners … did not want Black people as tenants … and preferred to replace them with Caucasian tenants"; and that "Balele knew Defendants collectively were treating him differently because of his Black race."  These factual allegations are not sufficiently concrete or specific to support a discrimination claim against one or more of the respondents.

¶11    In short, Balele's allegations do not provide "fair notice" of what his particular legal claims for discrimination might be, and they do not support a reasonable inference that one or more of the respondents actually discriminated against him based on his race.  "[A] pleading must give the defending party fair notice of not only the plaintiff's claim but 'the grounds upon which it rests' as well." *Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 403, 497 N.W.2d 756 (Ct. App. 1993) (quoted source omitted).  "[I]t is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some basis for recovery." *Id.* at 403-04 (quoted sources and internal quotation marks omitted).

¶12    *Breach of lease.*  Balele appears to allege in his complaint that the respondents breached a renewed lease agreement that took effect on October 1, 2021.  However, Balele does not allege facts that, if true, would show that a renewed lease was properly executed.  Rather, Balele alleges that he emailed the respondents that he was accepting a renewal offer and that "the renewal should be deemed signed electronically."  (Emphasis omitted.)  There is no allegation that Balele or any of

the respondents actually executed a renewed lease, and Balele did not attach to his complaint a copy of the alleged lease or any other document.

¶13    Balele argues that the circuit court erred by dismissing his complaint based on failure to state a claim because the parties had requested that the court decide Balele's case on summary judgment.  We disagree that the court erred in this respect.  "[T]he first step in summary judgment methodology is to determine if the complaint states a claim for relief."  ***Broome v. DOC***, 2010 WI App 176, ¶12, 330 Wis. 2d 792, 794 N.W.2d 505.  "This is the same analysis as that employed on a motion to dismiss for failure to state a claim."  ***Id.***  Accordingly, the court properly considered whether Balele's complaint states a claim.

¶14    Next, Balele makes an argument that relates to only one of the defendants, CT Systems Corporation.  The circuit court dismissed CT Systems from the case based on the court's conclusion that CT Systems is not a proper party because CT Systems is an entity that accepts service on behalf of other entities and has no relationship to Balele's claims.  Balele argues that the court erred in dismissing CT Systems because CT Systems failed to file any rebuttal to Balele's contentions in the circuit court.

¶15    Balele's argument relating to CT Systems is not entirely accurate. Although CT Systems has not participated in this case to the extent that the other named defendants have, CT Systems filed a letter in the circuit court explaining that it was a service agent and requesting to be removed from the case as a defendant. Regardless, we are not persuaded by Balele's argument because Balele has not identified any flaw in the circuit court's reasoning for why CT Systems is not a proper party.  Moreover, even if CT Systems were a proper party, Balele's

complaint would not state a claim against CT Systems for the same reasons that it does not state a claim against the other named defendants.

¶16 In sum, for all of the foregoing reasons, we affirm the circuit court's order dismissing Balele's complaint, and we also affirm the court's order denying Balele's motion for reconsideration of the order dismissing his complaint.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.