COURT OF APPEALS
DECISION
DATED AND FILED

August 1, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2228**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV1365

IN COURT OF APPEALS
DISTRICT IV

---

SHAUNA ALVANOS AND STEPHEN ALVANOS,

   PLAINTIFFS-APPELLANTS,

  V.

ROESLER INC., HEATHER KLEIBOER AND PHIL KLEIBOER,

   DEFENDANTS-RESPONDENTS,

LANCE ROESLER,

   RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: JACOB B. FROST, Judge. *Affirmed*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. This appeal concerns Shauna Alvanos's and Stephen Alvanos's quiet title claim to property in Dane County ("the property"). The Alvanoses appeal the circuit court's order granting summary judgment in favor of Roesler Inc., and Heather Kleiboer and Phil Kleiboer and declaring that the Alvanoses have no ownership interest in the property.[1]   For the reasons explained below, we affirm.

## BACKGROUND

¶2      The following undisputed facts are derived from the allegations in the complaint and the summary judgment materials.[2]

¶3      The Alvanoses first resided at the property, beginning in 2010, pursuant to a land contract with Mary Adler.  In 2013, Adler assigned her interest in the land contract to Roesler Inc.  Lance Roesler, who is the president and sole owner of Roesler Inc., was a friend of the Alvanoses, and Roesler Inc. purchased Adler's interest in the land contract because Roesler wanted to help the Alvanoses. In 2017, the Alvanoses also conveyed their interest in the property to Roesler Inc.

¶4      The Alvanoses continued to reside on the property and made multiple attempts to secure financing in order to purchase the property from Roesler Inc., but were unable to do so.  The Alvanoses made their last attempt to

_____

[1] As we explain later in this opinion, although Lance Roesler was originally named as a defendant in the complaint, he was removed from the caption before the circuit court granted summary judgment.  On appeal, we granted the Alvanoses' motion to amend the caption to include Roesler.

[2] As we subsequently explain, the summary judgment materials were initially submitted in support of, and in opposition to, Roesler's motion to dismiss, which the circuit court treated as a motion for summary judgment.

secure financing from Heartland Credit Union ("Heartland") after Roesler told them that Roesler Inc. would sell the land to different buyers—the Kleiboers— unless the Alvanoses were able to purchase the property by a certain date. The Alvanoses had approximately two months to obtain financing and close on the property, and although the Alvanoses were preapproved for a loan from Heartland, Heartland was ultimately left with eight days to process the loan, which Heartland was unable to do. Roesler Inc. then sold the property to the Kleiboers.

¶5 Shortly after the sale, the Alvanoses commenced the action that is the subject of this appeal by filing a complaint to quiet title, which named Roesler individually and Roesler Inc., as well as "John Does 1-5," as defendants. The John Does were eventually removed and the Kleiboers were named instead. The complaint alleges that the Alvanoses own the property, and also that the Alvanoses were unable to obtain financing because of Roesler's 23-hour delay in signing and returning an offer to purchase during the eight days within which Heartland attempted to process the loan. Along with the complaint, Shauna Alvanos filed an affidavit, in which she avers that the Alvanoses acquired the property by adversely possessing it for more than 12 years. The Alvanoses additionally filed a notice of lis pendens on the property.

¶6 Roesler moved to dismiss for failure to state a claim, which the Kleiboers joined. The Alvanoses submitted a response brief and exhibits in opposition. As we discuss in greater detail below, before the hearing on the motion to dismiss, the caption was amended to remove Roesler.

¶7 The circuit court granted summary judgment in favor of the Kleiboers and Roesler Inc., and declared that the Alvanoses do not have ownership rights in the property. The court noted that whether it considered the Alvanoses'

submissions and treated the motion to dismiss as a motion for summary judgment, or whether it confined its analysis to the pleadings, the result was the same: neither the facts alleged nor the Alvanoses' submissions show that the Alvanoses have a claim. Ultimately, in light of the Alvanoses' submissions, the court decided that "it [was] more appropriate to rule based on summary judgment." *See* WIS. STAT. § 802.06(2)(b) (2021-22) ("If on a motion … to dismiss for failure of the pleading to state a claim upon which relief can be granted, … matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ….").[3]

¶8      The Alvanoses appeal. During the course of these proceedings, the Kleiboers commenced a separate circuit court action to evict the Alvanoses from the property ("the eviction proceedings"). The court granted a judgment of eviction in favor of the Kleiboers, from which the Alvanoses separately appeal. *See **Kleiboer v. Alvanos***, No. 2023AP1885, unpublished slip op. (WI App Aug. 1, 2024).

## DISCUSSION

¶9      Summary judgment is proper when the summary judgment materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "We review summary judgment decisions de novo, applying the same methodology as the [circuit] court." ***Kiss v. General Motors Corp.***, 2001 WI App 122, ¶9, 246 Wis. 2d 364, 630 N.W.2d 742.

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version.

¶10    The Alvanoses raise various challenges regarding the circuit court's grant of summary judgment in favor of the Kleiboers and Roesler Inc.  However, as we explain below, because the Alvanoses do not identify any genuine disputes of material fact and the Kleiboers and Roesler Inc. are entitled to summary judgment as a matter of law, we affirm.

¶11    To start, we observe that the Alvanoses' arguments generally lack citations to legal authority, and where the Alvanoses do cite legal authority, it is not clear how the cited authority supports the assertion being made or the Alvanoses' general argument that the Kleiboers and Roesler Inc. are not entitled to summary judgment.  Although we acknowledge that the Alvanoses are pro se litigants, which might justify a degree of leniency, ultimately pro se litigants "are bound by the same rules that apply to attorneys on appeal," *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992), and "we will not abandon our neutrality to develop arguments," *Industrial Risk Insurers v. American Engineering Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.  Because the Alvanoses' arguments are unsupported by legal authority, we need not address them.  *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered."); *Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").  We also observe that the arguments in the Alvanoses' brief-in-chief, as well as some of the arguments in their reply brief, are not supported by citations to the record, and may be disregarded on that basis.  *See Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990).  Nevertheless, we will address the Alvanoses' individual arguments as best we are able to discern them, including those that are improperly raised for the first time in the Alvanoses' reply brief.  *See State v.*

*Mata*, 230 Wis. 2d 567, 576 n.4, 602 N.W.2d 158 (Ct. App. 1999) ("We do not address issues raised for the first time in a reply brief.").

¶12    Some of the Alvanoses' arguments relate to the eviction proceedings rather than this proceeding.  For example, the Alvanoses argue that the lis pendens "is still valid while in appeal," and they identify the first issue presented on appeal as being whether the lis pendens and claim to quiet title in this case "have privilege over [the] eviction."  We do not address the Alvanoses' arguments relating to the eviction proceedings because they are outside the scope of this appeal.  *See* WIS. STAT. § 809.10(4) ("An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made *in the action or proceeding* not previously appealed and ruled upon." (emphasis added)).[4]

¶13    The Alvanoses also argue that they acquired the property through adverse possession because they lived there for 13 years.  But a claim for adverse possession generally requires "uninterrupted adverse possession of 20 years" pursuant to WIS. STAT. § 893.25(1).[5]  Additionally, a claim for adverse possession requires possession that is hostile, *Wilcox v. Estate of Hines*, 2014 WI 60, ¶20,

---

[4] An opinion resolving the Alvanoses' appeal in the eviction proceedings and the Alvanoses' arguments raised in that appeal is being issued simultaneously with this opinion.

[5] A shorter period of adverse possession is required under certain circumstances—such as when the adverse possession is founded on a recorded written instrument, WIS. STAT. § 893.26—but on appeal the Alvanoses do not argue that a shorter period applies.  In an affidavit submitted with the Alvanoses' complaint, Shauna Alvanos avers that the Alvanoses possessed the property "under claim of title," in which case § 893.26's ten-year period would apply, but the title identified in that affidavit is the 2017 quitclaim deed in which the Alvanoses transferred their interests in the property to Roesler Inc., and that deed does not establish that the Alvanoses had the necessary "good faith claim of title."  *See* § 893.26(2)(a).  Moreover, even if the 2017 deed did do so, the Alvanoses would not have possessed the property under color of the 2017 deed for the required ten years.

355 Wis. 2d 1, 849 N.W.2d 280, and here, the Alvanoses resided on the property pursuant to agreements, first with Adler and then with Roesler.[6] Therefore, to the extent that the Alvanoses' quiet title claim is based on a theory of adverse possession, the Alvanoses have not identified facts to support this claim. Accordingly, we conclude that they have not identified a genuine dispute of material fact that precludes summary judgment in favor of the Kleiboers and Roesler Inc.

¶14    Other than through adverse possession, the Alvanoses do not develop an argument to support their claim that they own the property. Moreover, this claim is belied by the undisputed fact that, as alleged in the Alvanoses' complaint, the Alvanoses transferred their interest in the property to Roesler Inc. by a quitclaim deed in 2017. The circuit court reasoned that the Alvanoses had no interest in the property because they conveyed in that deed any interest they had under the original land contract to Roesler Inc., and Roesler Inc. then transferred ownership of the property to the Kleiboers in 2023. The Alvanoses do not develop an argument as to any error in this reasoning—for example, they do not dispute the underlying facts, attack the validity of the 2017 deed, or identify or invoke any contract that would give them ownership rights of the property—and no error is apparent from our review of the record. The Alvanoses fail to identify facts showing that they had an ownership interest in the property, and thus fail to show that there is a genuine dispute of material fact that would preclude summary judgment against them.

---

[6] "'Hostility' means only that the possessor claims exclusive right to the land possessed." *Otto v. Cornell*, 119 Wis. 2d 4, 7, 349 N.W.2d 703 (Ct. App. 1984). The Alvanoses assert that "[t]he 'hostile' aspect of adverse possession[] does not have to be the entire time," but they do not support this assertion with any legal authority.

¶15 The Alvanoses further argue that Roesler and the Kleiboers conspired with Heartland to defraud the Alvanoses, and the Alvanoses refer to their "claim of conspiracy to commit real property theft." However, the Alvanoses' complaint does not allege theft, fraud, or any related cause of action; therefore, the Alvanoses' arguments relating to fraud and theft do not establish that the Kleiboers and Roesler Inc. are not entitled to summary judgment on the claims in the Alvanoses' complaint. *See* ***Broome v. DOC***, 2010 WI App 176, ¶12, 330 Wis. 2d 792, 794 N.W.2d 505 ("Whether the motion is initially one for dismissal under WIS. STAT. § 802.06(2) and is then converted to one for summary judgment under § 802.06(2)(b), or whether it is filed in the first instance as a motion for summary judgment under [WIS. STAT.] § 802.08, the [circuit] court does not consider matters outside the pleading until it has determined that the complaint states a claim for relief.").

¶16 The Alvanoses also argue that Roesler, as an individual, was improperly removed from the caption pursuant to an order that was submitted by Roesler's counsel, contrary to what the circuit court stated on the record. Originally, the caption included as defendants both Roesler and Roesler Inc., as well as "John Does 1-5," and in moving to dismiss, Roesler argued that the Alvanoses "wrongfully named Lance Roesler, individually, as Defendant." Specifically, Roesler argued that the 2017 quitclaim deed filed by the Alvanoses shows that Roesler Inc. was the owner of the property, and the Alvanoses did not allege that Roesler, as an individual, had any interest in the property. At a status conference held while the motion to dismiss was pending, Roesler's attorney noted this argument, but agreed to "deal with that [issue] in the motion to dismiss," and counsel for the Kleiboers did not object to the Kleiboers being included in the caption instead of being listed as John Does. The court then stated on the record,

"[W]e'll remove the John Does. Now it'll say 'Lance Roesler; Roesler[] Inc.; Phil and Heather Kleiboer,' and those will be the only names that show up in the caption." However, counsel for Roesler then submitted, and the court signed, an "Order to Amend Caption" that stated, "IT IS HEREBY ORDERED that Roesler Inc. is substituted for Lance Roesler in this matter, and that the caption be amended to reflect this substitution." Subsequent court orders do not include Roesler or the John Does in the caption. As noted, on appeal, we granted the Alvanoses' motion to amend the caption to include Roesler.

¶17     Although we agree with the Alvanoses that the circuit court's order to amend the caption is inconsistent with what the court stated on the record, we conclude that any error is ultimately harmless. The Alvanoses do not argue, and we do not discern, that the removal of Roesler as an individual had any bearing on the court's decision or adversely affected the Alvanoses. Therefore, we do not address this argument further. *See **Clean Wisconsin, Inc.**,* 282 Wis. 2d 250, ¶180 n.40.[7]

¶18     The Alvanoses further argue that they were deprived of their right to be heard after the circuit court either muted them, or threatened to mute them, during the hearing on the motion to dismiss, which was held via Zoom. It is not clear from the Alvanoses' arguments or the record whether the court actually muted the Alvanoses or merely warned them that it would do so if they continued to interrupt. We will assume for the sake of our analysis that the court did in fact

---

[7] In an argument that is perhaps related, the Alvanoses appear to suggest that Roesler's counsel violated the attorney's oath outlined in SCR 40.15. To the extent that the Alvanoses mean to argue that the rules of professional conduct were violated, that issue is not properly raised in this appeal. *See **Gerrits v. Gerrits**,* 167 Wis. 2d 429, 446-47, 482 N.W.2d 134 (Ct. App. 1992).

mute the Alvanoses; regardless, we conclude that the Alvanoses have not shown that the court deprived them of the right to be heard.

¶19 After the circuit court rendered its decision at the hearing, both of the Alvanoses continued to argue their case. Initially, the court addressed the Alvanoses' postruling arguments. For example, in response to the Alvanoses' arguments, the court explained why the Alvanoses do not have a claim for adverse possession, that the facts in the record do not support the arguments that the Alvanoses were raising, and that the Alvanoses did not legally support their argument that Heartland engaged in misconduct. Although, as noted, the record does not definitively show that the court muted the Alvanoses, eventually the Alvanoses' repeated interruptions did stop, which we will assume is when the Alvanoses were muted. This was after the transcript reports multiple instances of "inaudible cross-talk," after the court warned the Alvanoses multiple times that it did not want additional argument, and after the court warned the Alvanoses that it would have to mute them if they did not stop interrupting. Once the interruptions ceased, the court repeated its ruling, asked counsel if there were any outstanding issues to be resolved, and then gave the Alvanoses an opportunity to be heard on whether there was anything else on which they believed the court should rule.

¶20 Under these facts, we conclude that the circuit court did not deprive the Alvanoses of the right to be heard. The Alvanoses exercised a meaningful opportunity to be heard through their briefing, and the court further allowed them to raise additional arguments even after it delivered its ruling. *See **State ex rel. Sahagian v. Young***, 141 Wis. 2d 495, 501, 415 N.W.2d 568 (Ct. App. 1987) (stating that oral argument is not necessary to satisfy a party's due process right to be heard). Additionally, courts have the inherent power to control the judicial proceedings before them. ***State v. Braunsdorf***, 98 Wis. 2d 569, 580, 297 N.W.2d

808 (1980); *see also id.* ("[A]n inherent power is one without which a court cannot properly function."). Here, the court deemed it necessary to mute the Alvanoses in order for the court to deliver its ruling and to communicate with the other parties before concluding the hearing. Moreover, we observe that the court subsequently invited the Alvanoses' input on whether there was anything else the court needed to address.

¶21 The Alvanoses also appear to argue that they were deprived of their right to a jury trial. However, pursuant to WIS. STAT. § 802.08(2), summary judgment "shall be rendered if the [summary judgment materials] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," and the right to a jury trial does not prevent a circuit court from granting summary judgment. *See Steven V. v. Kelley H.*, 2004 WI 47, ¶35 n.3, 271 Wis. 2d 1, 678 N.W.2d 856 ("[N]o case has ever held … that summary judgment procedure violates the state constitutional jury trial right."); *Rollins Burdick Hunter of Wis., Inc. v. Hamilton*, 101 Wis. 2d 460, 470, 304 N.W.2d 752 (1981) ("The purpose of the summary judgment procedure is … to avoid trials where there is nothing to try."); *see also BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("When there are no disputes of material fact, the court may enter summary judgment without transgressing the Constitution.").

¶22 The Alvanoses also argue that the circuit court was mistaken about the price for which they could have purchased the property from Roesler Inc. The Alvanoses do not support this argument with citations to the record, and we could reject the argument on that basis alone. *See Tam*, 154 Wis. 2d at 291 n.5. In any event, even if the court was mistaken about whether Roesler Inc. sold the property to the Kleiboers for less than it would have sold the property to the Alvanoses—which we cannot confirm in the absence of supporting record cites—the

Alvanoses do not explain, nor do we discern, why this would preclude summary judgment in favor of the Kleiboers and Roesler Inc.

¶23 The Alvanoses further argue that the circuit court "appeared to have excellent rapport with the attorneys [for Roesler and the Kleiboers], perhaps teetering on the ex parte communication," and that the court and counsel for Roesler and the Kleiboers were "in cahoots." As with the Alvanoses' other arguments, this argument is undeveloped. The Alvanoses cite to the transcript of the hearing at which the court granted summary judgment, but not to a particular page or pages in the 27-page transcript. Our review of the transcript reveals nothing to support the Alvanoses' arguments.

¶24 Finally, the Alvanoses cursorily argue that the "Kleiboer deed is void under WI.s. [sic] 242 Wisconsin Fraudulent Transfer Act," but they do not develop this argument or invoke a particular section within WIS. STAT. ch. 242.[8]

## CONCLUSION

¶25 For the reasons stated above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] To the extent that we have not specifically addressed any other arguments made by the parties, we need not address them, either because the arguments are undeveloped, *see Clean Wisconsin, Inc. v. Public Service Commission of Wisconsin*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768, or because we have decided the appeal on other dispositive grounds, *see Barrows v. American Family Insurance Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013).