Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/18/2026 03:28 PM CDT

Mark Martinez, applicant, v. Danielle Jensen, in
her official capacity as Douglas County
election commissioner, respondent, and
the Douglas County Republican
Party, intervenor.

___ N.W.3d ___

Filed March 18, 2026.    No. S-26-193.

Special proceeding before William B. Cassel, Justice of the Nebraska Supreme Court. Judgment entered.

Daniel J. Gutman and Shayna Prickett, of Gutman Law Group, for applicant.

Michael T. Hilgers, Attorney General, Cody S. Barnett, Zachary B. Pohlman, Donald W. Kleine, Douglas County Attorney, Timothy M. Coffey, and William E. Rooney III, for respondent.

Andrew La Grone, of La Grone Slama, L.L.C., for intervenor.

Cassel, J.

## INTRODUCTION

As authorized by Neb. Rev. Stat. § 32-624 (Supp. 2025), this is a special, summary proceeding before a judge of the Nebraska Supreme Court. When an objection to a candidate filing form is made and the filing officer has determined the validity of the objection, an application can be made to a judge of, among other identified courts, the Supreme Court.[1]

---

[1] See § 32-624.

Because the deadline for disposition of an objection to the ballot for the May 2026 primary election is March 18,[2] this proceeding has been expedited. The respondent has filed a nearly instantaneous response and, through counsel, has waived service of process. At the same time, the objector below has intervened in support of the action taken there.

The question presented is whether a candidate for county sheriff who possesses an *inactive* law enforcement officer certificate issued by the Nebraska Commission on Law Enforcement and Criminal Justice satisfies the requirements of Neb. Rev. Stat. § 23-1701.01(1) (Cum. Supp. 2024). Because the plain language of the unambiguous statute does not distinguish between an active and inactive certificate, I conclude that Mark Martinez satisfies its candidacy requirements. Accordingly, Martinez' name shall be included on the ballot.

## BACKGROUND

### Statute on Sheriff Candidates

Section 23-1701.01 addresses qualifications for a candidate for the office of sheriff. It provides, in relevant part:

(1) Any candidate for the office of sheriff and any sheriff appointed under subsection (3) of section 23-1701 *shall possess a law enforcement officer certificate or diploma issued by the Nebraska Commission on Law Enforcement and Criminal Justice*. A standardized letter issued by the director of the Nebraska Law Enforcement Training Center *certifying that the candidate or appointee was duly issued such certificate or diploma* shall be filed by a candidate with the candidate filing form required by section 32-607 and by an appointee with the contract entered into under section 23-1701.

(2) Each sheriff shall attend the Sheriff's Certification Course conducted by the Nebraska Law Enforcement

---

[2] See § 32-624(2) (55 days before primary election date).

Training Center and obtain a certificate awarded by the Nebraska Commission on Law Enforcement and Criminal Justice . . . unless such sheriff has already been awarded a certificate by the commission attesting to satisfactory completion of such course . . . .

    (3) Each sheriff shall attend continuing education as provided in section 81-1414.07 each year following the first year of such sheriff's term of office.[3]

This proceeding focuses on the italicized language.

## FACTS

On the record before me, the relevant facts are undisputed.

Martinez submitted a "Democratic Filing" requesting that his name be placed on the official ballot for the May 12, 2026, election as a candidate for the office of Douglas County sheriff. Martinez also submitted a letter from the director of the Nebraska Law Enforcement Training Center certifying that Martinez "possesses an Inactive Nebraska Law Enforcement Certificate." According to the letter, Martinez' certification was active from November 27, 1984, to March 6, 2009.

The Douglas County Republican Party (county party) filed an objection to Martinez' candidacy under § 32-624. It highlighted that Martinez' certificate had been inactive since 2009 and asserted that Martinez would have to complete full basic certification training—like a new recruit—to possess an active certification.

The county party attached to its objection a memorandum that contained a legal analysis concluding that Martinez was not qualified to run for Douglas County sheriff due to his inactive law enforcement certificate. The memorandum set forth two arguments. One asserted that § 23-1701.01(1) was ambiguous because it was open to two possible interpretations, i.e., that a sheriff candidate must possess an active law enforcement certificate at the time of filing and that the candidate

---

[3] § 23-1701.01 (emphasis supplied).

may meet the requirements by possessing an inactive certificate. The other, premised upon the statute's purported ambiguity, relied on legislative history and statements to the effect that a candidate for sheriff needed to have an active certificate when filing to run for office.

The county party also included a letter written by the introducer of a 2024 legislative bill addressing the certification requirement. The letter stated, in part, "In 2024, I introduced LB 894 which requires a candidate running for the office of County Sheriff to be a certified law enforcement officer when filing for the position."

On Friday, March 13, 2026, Danielle Jensen, the Douglas County election commissioner (commissioner), informed Martinez of her decision regarding the objection. She determined that Martinez "d[id] not meet the candidacy requirements for Douglas County Sheriff."

## APPLICATION AND PETITION

On Monday, March 16, 2026, Martinez filed an emergency application for leave to commence a special proceeding under § 32-624. It observed that because the primary election in Douglas County is May 12, any order by a judge must be made on or before March 18—the "fifty-fifth day preceding the election."[4] The application was granted, and the special proceeding was docketed.

With the application, Martinez submitted an emergency verified petition for a special proceeding and summary order. He requested an order overruling the commissioner's decision, compelling her to place Martinez' name on the general election ballot for the office of Douglas County sheriff, and awarding him costs of this action.

## RESPONSE AND INTERVENTION

The commissioner concentrates on the first sentence of § 23-1701.01(1), focusing on the verb "possess" and the noun

---

[4] § 32-624(2).

phrase "law enforcement officer certificate." She relies on a legal dictionary definition of "possess," which states, "To have in one's actual control; to have possession of."[5] The commissioner argues that "[a] credential previously held but no longer legally operative is not 'possessed' within the ordinary meaning of the term."[6] She contends that this reading is reinforced by the noun phrase and points to a definition of "certificate" in a legal dictionary. That term is defined as "[a] document certifying the bearer's status or authorization to act in a specified way; esp., an official paper stating that one has completed a course of study or passed an examination . . . ."[7] According to the commissioner, "[A] certificate does more than record a past event—it certifies present status or authorization."[8] Reading these definitions together, the commissioner argues that § 23-1701.01(1) requires that a candidate for sheriff must hold a certificate that authorizes him or her to act as a law enforcement officer when he or she files for office.

The county party filed a complaint in intervention. It asserted that it was an interested party within the meaning of § 32-624(2). The county party opposed Martinez' petition, arguing that the controlling statute is ambiguous and that legislative history showed a clear intent to require an active law enforcement certificate in order to file as a candidate for sheriff. The county party asserts that in the context of law enforcement licensure, "it is not clear whether an inactive certificate is sufficient, or whether an active certificate is required." Relying on the legislative history of 2024 Neb. Laws, L.B. 894, the county party asserts that it shows the Legislature intended sheriff candidates to have active certificates when they file to run for office.

---

[5] Black's Law Dictionary 1407 (12th ed. 2024).

[6] Response of respondent at 7.

[7] Black's Law Dictionary 279 (12th ed. 2024).

[8] Response of respondent at 7.

## Analysis

At issue is whether Martinez qualified to be a candidate for the office of sheriff under § 23-1701.01(1). The issue involves statutory interpretation, which presents a question of law.[9] Because this statute pertains to election law, I bear in mind that statutes relating to election law must be liberally construed so as to promote, rather than defeat, candidacy for the primary election.[10]

The fundamental objective of statutory interpretation is to ascertain and carry out the Legislature's intent.[11] Statutory interpretation begins with the text, and the text is to be given its plain and ordinary meaning.[12] It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.[13]

For the sake of completeness, I acknowledge other principles of statutory interpretation. In construing a statute, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced from the whole will prevail over that of a particular part considered separately.[14] Statutes pertaining to the same subject matter should be construed together; such statutes, being in pari materia, must be construed as if they were one law, and effect must be given to every provision.[15] To give effect to all parts

---

[9] See *Flinn v. Strode, ante* p. 813, 30 N.W.3d 661 (2026).

[10] See, *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022); *Davis v. Gale*, 299 Neb. 377, 908 N.W.2d 618 (2018).

[11] *Flinn v. Strode, supra* note 9.

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*.

of a statute, a court will attempt to reconcile different provisions so they are consistent, harmonious, and sensible and will avoid rejecting as superfluous or meaningless any word, clause, or sentence.[16]

I return to the statutory requirements regarding a certificate. One comes from the first sentence of § 23-1701.01(1), and the other from its second sentence.

The first sentence requires that "[a]ny candidate for the office of sheriff . . . shall possess a law enforcement officer certificate . . . issued by the Nebraska Commission on Law Enforcement and Criminal Justice."[17] Martinez possesses a law enforcement officer certificate. The commissioner and the county party would have me insert the word "active" in the first sentence's noun phrase. I have already recited the principle that precludes me from doing so.

The second sentence mandates that the candidate file "[a] standardized letter issued by the director of the Nebraska Law Enforcement Training Center certifying that the candidate . . . was duly issued such certificate."[18] Martinez submitted such a letter. The arguments advanced by the commissioner and the county party implicitly disregard the backward-looking function of the certification. If the director agreed that such certifications applied only to active certificates, presumably he would have declined to issue the letter certifying issuance of the certificate. But the director *did* issue the letter. This demonstrates a rejection of the commissioner's and the county party's premise.

The commissioner and the county party also rely on legislative history. In order for a court to inquire into a statute's legislative history, the statute in question must be open to construction, and a statute is open to construction when its

---

[16] *Id.*

[17] § 23-1701.01(1).

[18] *Id.*

terms require interpretation or may reasonably be considered ambiguous.[19] A statute is ambiguous if it is susceptible of more than one reasonable interpretation, meaning that a court could reasonably interpret the statute either way; otherwise, the statute is unambiguous.[20]

But here, the language of the statute is plain. It does not distinguish between an active or inactive certificate. It merely requires that the candidate "possess" a certificate. I decline to rely upon legislative history where a party urges me to detect ambiguity by initially resorting to legislative history. That places the cart before the horse. Because there is no statutory ambiguity, there is no reason to consider legislative history.[21]

Likewise, I see no reason to consult regulations establishing "definitions and criteria for different statuses regarding law enforcement certification."[22] Where a statute is unambiguous, a regulation plays no role in its interpretation.[23]

## CONCLUSION

Like the situation in a similar ballot qualification case,[24] I address only the statutory qualification to be placed on the ballot. Whether to support a candidate lacking an active certification status is for the electorate to decide.

I emphasize that nothing in this opinion would preclude any other challenge to candidacy or eligibility to assume public office. Nor should anything be taken to suggest that any other challenge is viable.

---

[19] *Amorak v. Cherry Cty. Bd. of Comrs.*, 318 Neb. 723, 18 N.W.3d 782 (2025).

[20] *Nebraska Journalism Trust v. Dept. of Envt. & Energy*, 316 Neb. 174, 3 N.W.3d 361 (2024).

[21] See *Amorak v. Cherry Cty. Bd. of Comrs., supra* note 19.

[22] See 79 Neb. Admin. Code, ch. 4, § 001 (2025).

[23] See *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985).

[24] See *Nebraska Republican Party v. Shively, supra* note 10.

I conclude that because Martinez possesses a law enforcement certification, he meets the qualification requirements of § 23-1701.01(1) to be a candidate for election as sheriff. Accordingly, I order that his name appear on the ballot as a candidate for the office of sheriff subject to the operation of Neb. Rev. Stat. § 32-811(1)(b) (Supp. 2025).

JUDGMENT ENTERED.